UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONNIE LEE COUSIN (#89334)                                CIVIL ACTION

VERSUS

CAPTAIN C. BUTLER, ET AL.                                 NO. 10-0294-JVP-CN

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, May 13, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RONNIE LEE COUSIN (#89334)**                                              CIVIL ACTION

**VERSUS**

**CAPTAIN C. BUTLER, ET AL.**                                               NO. 10-0294-JVP-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Captain C. Butler and Captain Holiday, alleging that his constitutional rights were violated on March 4, 2010, when he was threatened and labeled a "snitch" by defendant Butler and when he was charged with a false disciplinary report in response to complaints about alleged inadequate lighting in his cell.

In his original Complaint, filed in this Court on April 23, 2010, the plaintiff asserted that he commenced an administrative grievance at LSP relative to the claim asserted herein. He further acknowledged, however, that this grievance had not been addressed or responded to and that "no answer or action" had been taken with respect thereto.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), where it is apparent from the face of the Complaint that an inmate has failed to exhaust the prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted. See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007). See also Clifford v. Louisiana, 2008 WL 2754737 (M.D. La. July 7, 2008).

In the instant case, the plaintiff admitted in his Complaint that he had not exhausted administrative remedies relative to the claims presented herein. This conclusion is further borne out by the fact that the events complained of occurred only approximately one month prior to the filing of this lawsuit. Considering the delays required for completion of the two-step grievance process through the prison administrative procedure, i.e., forty (40) days for prison officials to respond to an initial grievance and an additional forty-five (45) days to respond to an appeal thereof, there was obviously insufficient time between the events complained of and the filing of the instant Complaint to permit exhaustion of administrative remedies. Accordingly, because the affirmative defense appears clear on the face of the Complaint, the

plaintiff's Complaint is subject to dismissal, <u>sua sponte</u>, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

<u>RECOMMENDATION</u>

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

Signed in chambers in Baton Rouge, Louisiana, May 13, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**